STATE of Utah, Plaintiff and Respondent,

v.

James D. CHAMBERS, Stanley Ned Jacobsen, and J.D. (last name unknown), Defendants and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

James D. CHAMBERS, Stanley Ned Jacobsen, and J.D. (last name unknown), Defendants and Appellant.

Nos. 19151, 19152.

Supreme Court of Utah.

Oct. 21, 1985.

Rehearing Denied Nov. 7, 1985.

Thomas A. Mitchell, Kenneth R. Brown, Salt Lake City, J. Bruce Savage, Park City, for defendants and appellants.

David L. Wilkinson, Dave B. Thompson, Salt Lake City, Terry Christiansen, Park City, for plaintiff and respondent.

DURHAM, Justice:

Defendants James Chambers and Stanley Jacobsen appeal from a conviction of burglary, a second degree felony under U.C.A., 1953, § 76-6-202, and theft, a second degree felony under U.C.A., 1953, § 76-6-404. We reverse the convictions and remand for a new trial.

On January 6, 1983, an informant contacted officers of the Park City Police Department and told them that a burglary had taken place in the vicinity of Park City. The informant stated that he knew who had committed the crime. Police officers met with the informant, who offered to

take the officers to the residence where the stolen items were being held. At that meeting, the informant said that some of the items involved in the burglary were stereos with speakers, video cassettes, televisions, and clothing. The informant then took the officers to the residence of James Chambers. The informant also arranged a meeting between defendants and a Park City Police officer operating under cover; the purpose of the meeting was to have the undercover officer make a "buy" of some of the stolen property from defendants. On January 7, the officer, the informant, and defendants met at the informant's apartment. After some conversation in which defendants expressed concern about the possible presence of police in the area, defendants took the officer outside to a car and showed him a video cassette recorder which the officer bought for $200.

Also on January 7, a burglary was reported by a Summit Park resident, Richard Thompson. Mr. Thompson had returned home that day after a business trip and discovered that his home had been burglarized. He reported missing a Sony video cassette recorder, a cassette deck, stereo equipment, a pistol, a leather coat, and a pair of Tony Lama cowboy boots. Mr. Thompson later identified the video cassette recorder purchased from defendants as the one missing from his home.

On January 10, 1983, an officer of the Park City Police Department obtained a search warrant for defendant Chambers' residence. Defendant Jacobsen was also living in the residence at the time. Pursuant to the warrant, officers searched the home and seized one pair of Tony Lama boots and a .22 caliber pistol. At trial, Mr. Thompson identified the pistol and the boots as those stolen from his home.

Prior to trial, defendants filed a motion to suppress the evidence seized pursuant to the search warrant. They also filed a motion to require the State to disclose the identity of the confidential informant. Both motions were argued before the trial court and were subsequently denied.

At trial, defendants presented testimony which sought to establish their whereabouts at the time of the crime. Defendants also presented evidence in explanation of their possession of the video cassette recorder, the pistol, and the cowboy boots.

On appeal defendants raise five issues: invalidity of the search warrant, denial of due process by the court's failure to require the State to disclose the identity of the confidential informant, two constitutional errors in connection with jury instructions, and insufficiency of the evidence.

■ Defendants' first argument is that the trial court erred by not suppressing the evidence seized pursuant to the search warrant; defendants claim that the underlying affidavit was not sufficient based on the two-pronged test established in *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and followed in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Defendants concede that under the "totality of the circumstances" test articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the affidavit would have been sufficient. However, defendants contend that the *Gates* test is not the appropriate test to be applied in this case, because the *Gates* test was prospective only. In particular, defendants rely on the following language:

> For all of these reasons, we conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* and *Spinelli*. In its place, we *reaffirm* the totality of the circumstances analysis that traditionally has formed probable cause determinations.

462 U.S. at 238, 103 S.Ct. at 2332 (footnote and citations omitted). It is this very language, however, that indicates that the totality of the circumstances test is the traditional analysis and that the two-pronged test was a supplementary standard which was superimposed on the traditional test. By "reaffirming" the traditional analysis,

in effect, *Gates* stripped away certain refinements and retained the simpler totality of the circumstances test, thereby returning probable cause analysis to its traditional basis. Further, in *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), the Supreme Court retroactively applied the *Gates* test to determine the validity of a search warrant issued in September 1980, almost three years prior to the announcement of the *Gates* decision. We find, therefore, that the application of the totality of the circumstances test was proper here.

Defendants next contend that they were denied due process of law because the trial court failed to require the State to disclose the identity of the confidential informant. Rule 36 of the Utah Rules of Evidence, which was applicable at the time of trial, provides:

> A witness has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a provision of the laws of this state or of the United States to a representative of the state or the United States or governmental division thereof, charged with the duty of enforcing that provision, and evidence thereof is inadmissible, unless the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed or (b) disclosure of his identity is essential to assure a fair determination of the issues.

Utah R.Evid., Vol. 9B, U.C.A., 1953 (1977).

In *State v. Forshee*, Utah, 611 P.2d 1222 (1980), we said, "There are two exceptions to the general privilege of nondisclosure of an informer's identity. Disclosure is required (1) when the informer's identity is already known, and (2) when disclosure is essential 'to assure a fair determination of the issues.'" *Id.* at 1224 (citing from Rule 36, Utah R.Evid.). Because it was evident that the defendant in

that case knew the identity of the informant, we further said:

> However, it is defendant's very knowledge of the informer's identity that further served to vitiate any prejudice that may have otherwise resulted from the lower court's failure to require disclosure. Thus, the court's failure to require disclosure of the informer's identity, in any event, is at best harmless error.

*Id.* at 1225 (citation omitted). From our review of the record it is equally evident that defendants in this case were aware of the identity of the confidential informant.[1] Therefore, we conclude that *Forshee* is dispositive and that defendants' claim is without merit.

Defendants raise two issues concerning the jury instructions that were given at trial. Defendants' claims focus on jury instruction No. 18 which contained the following:

> A person commits theft if he obtains or exercises unauthorized control over the property of another with the purpose to deprive him thereof.
>
> Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

This instruction is in part based on U.C.A., 1953, § 76-6-402(1). Defendants first contend that instruction No. 18 improperly comments upon a defendant's failure to testify and that it penalizes the accused for exercising the constitutional right to remain silent. On that basis, defendants argue that the jury instruction was improper and that the underlying statute is unconstitutional. Defendants' second claim is that the instruction shifts the burden of proof to defendants and is therefore inconsistent with defendants' rights to be presumed innocent.

Defendants' first argument, that the instruction infringes on federal Fifth

---

**1.** The testimony of the officers about this circumstance of their introduction to the defendants, and the events in which the informant participated, make it clear that the informant was known to the defendants, and readily identifiable by them once his part in the proceedings was disclosed.

Amendment rights, is not persuasive. Nothing in the instruction required testimony by defendants, because an explanation of possession could have been made by the testimony of other witnesses or by other evidence. In a similar situation, the United States Supreme Court found this argument to be without merit: "Petitioner also argues that the permissive inference in question infringes his privilege against self-incrimination. The Court has twice rejected this argument." *Barnes v. United States,* 412 U.S. 837, 846, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).[2] Therefore, we conclude that defendants' argument on this point is not compelling. *See also Annot.,* 88 A.L.R.3d 1178 (1978) (indicating the trend established in recent cases that instructions such as the one in question do not constitute an improper comment by the court on the defendant's failure to testify, and do not violate the privilege against self-incrimination).

Defendants' second claim regarding the jury instructions is more problematic. Defendants argue that instruction No. 18 violates their rights to a presumption of innocence and improperly shifts the burden of proving innocence to defendants. Instruction No. 18 refers to a statutory presumption which links the basic fact of possession of recently stolen property, in the absence of a satisfactory explanation of possession, to the ultimate fact or conclusion that the person in possession stole the property. The presumption does not mandate a finding of guilt; it merely provides that proof of the basic fact is sufficient to serve as prima facie evidence of the ultimate fact. Inferences and presumptions are common factfinding devices whereby one fact is used to determine the existence of another fact. *County Court of Ulster County v. Allen,* 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979); *State v. Robichaux,* Utah, 639 P.2d 207, 208 (1981).

"[I]n criminal cases, the ultimate test of any [evidentiary] device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *Allen,* 442 U.S. at 156, 99 S.Ct. at 2224 (citations omitted). In their argument, defendants rely on *State v. Walton,* Utah, 646 P.2d 689 (1982), where this Court found reversible error based on an instruction which read, "[T]he law presumes that a person intends the reasonable and ordinary consequences of his own acts." In *Walton,* we followed *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), which held that an identical instruction violated due process. In *Sandstrom,* the Supreme Court reasoned that the jury could have interpreted the presumption as irrebuttable or alternatively as requiring a high level of proof in order to rebut the presumption, thereby "effectively shifting the burden of persuasion...." *Id.* at 517, 99 S.Ct. at 2456. The standard established in *Sandstrom* is "whether the challenged jury instruction had the effect of relieving the State of the burden of proof enunciated in [*In re*] *Winship* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)]...." *Id.* at 521, 99 S.Ct. at 2458. As the Court noted in *Sandstrom, Id.* at 520, 99 S.Ct. at 2457. *In re Winship* held that the due process clause requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime ... charged." 397 U.S. at 364, 90 S.Ct. at 1073.

The United States Supreme Court has recently once again addressed the constitutionality of presumptions used in jury instructions. In *Francis v. Franklin,* —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), the Court dealt with an instruction quite similar to that held unconstitutional in *Sandstrom.* Using the same "threshold

---

**2.** In *Barnes,* the disputed instruction included a statement that the petitioner had a right not to take the witness stand and also that evidence other than defendant's testimony could explain possession. In the instant case, the jury was only instructed on defendants' privilege to not testify. There was, however, testimony by defendant Chambers' wife which attempted to explain possession of some of the items involved in this case. Thus, the possibility of explanation provided by evidence other than defendants' testimony should have been obvious to the jury.

inquiry" as to the nature of the presumption as was used in *Sandstrom*, 442 U.S. at 514, 99 S.Ct. at 2454, the *Franklin* Court established that the instruction included a mandatory presumption, i.e., a presumption which "instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." 105 S.Ct. at 1971. The Court then applied the *Sandstrom* standard of relief of burden of proof on an element of the crime charged. *Id.* On the basis of that analysis, however, *Franklin* extended the *Sandstrom* decision and found that use of any mandatory *rebuttable* presumption in a jury instruction is unconstitutional.

A mandatory rebuttable presumption ... relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous [than an irrebuttable or conclusive presumption] from the defendant's perspective, but it is no less unconstitutional.

*Id.* at 1972–73.

The instruction given in this case is different from the instructions found to be unconstitutional in *Sandstrom* and *Franklin*. In this case the trial court instructed the jury that possession of recently stolen property, in the absence of a satisfactory explanation, is "prima facie" evidence of theft by the person in possession of the property. Such an instruction, nevertheless, fits within the *Franklin* definition of a mandatory rebuttable presumption: "A [mandatory] rebuttable presumption ... requires the jury to find the element unless the defendant persuades the jury that such a finding is unwarranted." 105 S.Ct. at 1971, n. 2.

■ We therefore hold that the instruction given in this case was unconstitutional. Further, although there was another instruction given, instruction No. 25, which restated the presumption in permissive form, the additional instruction failed to cure the defect. "Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity. A reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching their verdict." 105 S.Ct. at 1975 (footnote omitted). Thus, because the mandatory presumption in question directly related to the determination of defendants' guilt, we hold that defendants are entitled to a new trial.

■ In reaching this decision, we further note that instruction No. 18 was accompanied by another instruction which defined "prima facie." Instruction No. 19 read as follows:

The term "Prima Facie" as used herein means, at first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; *a fact presumed to be true unless disproved* by some evidence to the contrary.

(Emphasis added.) The use of the word "disproved" could well have indicated to a juror that the defendants were required to disprove guilt. An instruction which could reasonably be understood to relieve the State of its burden of proof is constitutionally defective. *See Sandstrom*, 442 U.S. 510, 524, 99 S.Ct. at 2459. Thus, the use of this instruction would itself have required reversal based on principles dictated by *Sandstrom* and without reference to the stricter application prescribed by *Franklin*.

■ Finally, we address the continued viability of the language of U.C.A., 1953, § 76–6–402(1). Although a jury instruction which uses the statutory language verbatim is, as we have stated, unconstitutional, we find no similar infirmity in the statute itself as the statute, properly construed, is directed to the court. In *State v. Asay*, Utah, 631 P.2d 861 (1981), this Court construed the function of section 76–6–402(1) and upheld an instruction which, unlike the instant case, did not use the statutory language. The Court pointed out that the statute does not affect the jury's weighing of the evidence; rather, the statute pro-

vides a standard by which to determine the sufficiency of the evidence for submitting the case to the jury. The statute may properly be used to defeat a claim by a defendant that the State has, as a matter of law, failed to establish a prima facie case against the defendant. *Id.* at 864; *State v. Gellatly*, 22 Utah 2d 149, 151, 449 P.2d 993, 994–95 (1969). This construction of the statute is consistent with our early decisions which found that giving an instruction using the term prima facie was improper, although not prejudicial where the court further instructed the jury that the State must prove guilt beyond a reasonable doubt. *State v. Crowder*, 114 Utah 202, 210, 197 P.2d 917, 921–22 (1948); *State v. Hall*, 105 Utah 162, 175–76, 145 P.2d 494, 500 (1944). In *State v. Crowder*, the Court said, "what constitutes a prima facie case is one for the court to determine and the jury does not pass on nor is it concerned at all with that question.... This statute is addressed only to the court...." 114 Utah at 209–10, 197 P.2d at 921, (referring to U.C.A., 1943, § 103-36-1, unsatisfactory explanation of recently stolen property is prima facie evidence of guilt). Similarly, in *State v. Hall*, 105 Utah at 175, 197 P.2d at 500, the Court noted:

> The jury is not concerned with a determination of when the State has made out a prima facie case; its duty is to determine the issue of ultimate guilt.
>
> An instruction ... which concerns the evidence necessary to make out a prima facie case for the State would only be confusing and might lead the jury to conclude the State had met its burden of proving ultimate guilt beyond a reasonable doubt by making out a prima facie case.

(Citations omitted.) The Court then concluded that the prima facie instruction was improper but not prejudicial in light of other instructions regarding the State's burden of proof.

■ In *State v. Baretta*, 47 Utah 479, 155 P. 343 (1916), the Court indicated that only in cases where the burden of proof shifts may juries properly be concerned with questions of what constitutes a prima facie case (i.e., civil cases). In criminal cases, however, where the burden remains on the State throughout the case, the jury should not be involved in such considerations.

> Undoubtedly, the court has to do with questions of a *prima facie* case whenever it withholds from, or submits a case to, the jury. But that determination ... is one of law and not of fact.... So, when a case as this is submitted to a jury, they have nothing to do with questions of what is or what is not, a *prima facie* case.... They, to convict, are required to find an accused guilty beyond a reasonable doubt.... We think a charge, that recent possession of stolen property when the party in possession failed to make a satisfactory explanation was *prima facie* evidence of guilt, may do harm by singling out and emphasizing particular evidence in a cause to the exclusion of other evidence which may be of equal or greater importance, and, without further explanation or direction, may tend to convey a meaning to the jury that when such enumerated particulars are shown the burden of proof is shifted to the accused, which, if not sustained by him, requires the verdict to be case against him.... So we do not see what the question of a *prima facie* case has to do with the jury and think the charge ought not to have been given.

47 Utah at 489–90, 155 P.2d at 346–47. (Citations omitted).

We therefore conclude that a jury instruction using the language of U.C.A., 1953, § 76-6-402(1) is unconstitutional because it directly relates to the issue of guilt and relieves the State of its burden of proof. The statute itself, however, is addressed to the court and merely provides a standard by which to determine whether the evidence presented warrants submission to the jury. Thus, the statutory language should not be used in any form in instructing juries in criminal cases, and we expressly disavow the language and holdings of our earlier cases to the contrary.

On that basis, the statute is not constitutionally defective.

Defendants also claim that the evidence in this case was insufficient to support their convictions. Because we are remanding for a new trial, we do not treat this issue.

The judgment of conviction is reversed and the case is remanded for a new trial.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.