STATE of Utah, Plaintiff and Respondent,

v.

Randy J. SORENSON, Defendant and Appellant.

No. 870150–CA.

Court of Appeals of Utah.

July 27, 1988.

---

G. Michael Westfall (argued), Gallian & Westfall, St. George, for defendant and appellant.

Paul Graf Washington Co. Atty., W. Brent Langston (argued), Deputy Co. Atty., St. George, for plaintiff and respondent.

Before ORME, BENCH and DAVIDSON, JJ.

## OPINION

ORME, Judge:

Sorenson appeals his conviction, following a bench trial, of "possession" of an alcoholic beverage by a minor, a Class B misdemeanor, in violation of Utah Code Ann. § 32A–12–13(1) (1986). He seeks a reversal of his conviction. We reverse and remand with instructions to discharge the defendant.

## FACTS

On January 18, 1987, Randy Sorenson was stopped for speeding in St. George, Utah. As the officer approached Sorenson, he detected a strong odor of alcohol. After obtaining Sorenson's consent, the officer proceeded to search the car and discovered no alcohol nor empty containers or other tangible evidence of alcohol. The officer asked Sorenson to blow into his face and Sorenson complied with the request. The officer determined that the alcohol aroma was coming from Sorenson's breath, but did not administer either field sobriety tests or an intoxilyzer test. While the officer was issuing a citation to Sorenson, Sorenson became belligerent and used foul language. Sorenson was then arrested and charged with "possession" of an alcoholic beverage by a minor in violation of § 32A–12–13(1), which prohibits the purchase, possession, or consumption of alcohol by a person under the age of 21.

The case proceeded to trial before the court. The state's only witness was the police officer who had stopped and arrested Sorenson. The officer testified that, though it was his opinion that Sorenson was influenced or affected by the alcohol, he did not administer any tests to support this determination. The officer also testified that he did not know when or where the alcohol had been consumed, nor did he actually see Sorenson consume, purchase or possess any alcohol.

The state did not provide any evidence nor did it argue that Sorenson possessed alcohol as prohibited by the statute. The state claimed that the uncontradicted evidence that Sorenson had alcohol on his breath was sufficient to prove consumption of alcohol. The state failed to put on evidence that Sorenson had consumed alcohol within the state of Utah but argued instead that, while it did not know where the offense occurred, there exists a presumption that consumption occurred within Utah unless rebutted by other credible evidence. Sorenson, having waived attendance at trial, did not testify nor did he call any witnesses in his defense. However, defense counsel did argue that the state had to prove that Sorenson consumed alcohol within the state and could not rely on a presumption.

The court adopted the state's theory and concluded that Sorenson's failure to offer some explanation that the alcohol was not consumed in Utah created an inference that the drinking occurred near the scene of arrest. The court consequently found Sorenson guilty. The court stated that its policy in the past, in evaluating evidence on this point, was that if the defendant is present and testifies that he or she did the drinking other than in the state, then the court would resolve that issue—if the testimony were believed—in favor of the defendant. Applying its policy to the facts of this case, the court stated, with our emphasis:

> This is the first case that I've had in which there has not been testimony—affirmative testimony ... [a]nd in which the State's case has rested upon strong odor of alcohol on the breath of an under-age defendant.... Because ... I have treated this as sufficient evidence in the past, I'm going to be consistent and

find the defendant guilty in this case, since he apparently did not state to the officer 'I drank legally outside the [state]' and since he's not here to make that claim, *the natural inference, the court feels, and the statistical probability ... is that the drinking occurred in or about the area where the arrest occurred, so, the Court will base its finding of guilty on that factual assumption, not legal presumption.*

Based on this reasoning, the court found Sorenson guilty and imposed a fine of $165.00.

Sorenson raises three issues on appeal: (1) whether the presence of alcohol in one's system constitutes possession in violation of § 32A–12–13(1); (2) whether the presumption created by the trial court improperly shifted the burden of proof to defendant in violation of his federal and state due process rights; and (3) whether the presumption infringed upon his privilege against self-incrimination.[1]

## I. POSSESSION OF ALCOHOL

We need not address Sorenson's claim that the mere presence of alcohol on the breath or in the bloodstream does not constitute possession under § 32A–12–13(1), since the state did not present that issue to the trial court and that theory was not relied on by the trial court. The trial court, however, noted that at least one judge in Washington County had determined that the mere presence of alcohol in the bloodstream does not constitute possession under the statute.[2] Adhering to that decision in the interest of consistency, the court assumed that the presence of alcohol in the bloodstream alone did not constitute possession and proceeded to address whether the State had proven facts sufficient to

convict Sorenson of consumption in violation of the statute.

## II. CONSUMPTION OF ALCOHOL

Sorenson claims the trial court's finding with respect to the jurisdictional issue, though characterized as a "factual assumption," was actually a legal presumption which impermissibly relieved the state of its burden of proving every element of the offense in violation of the due process clause of Article I, Section 7 of the Utah State Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. He also contends the court's approach compromised his privilege against self-incrimination.

### A. *Due Process Concerns*

■ Due Process requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–1073, 25 L.Ed. 2d 368 (1970). In criminal cases, the prosecution is often aided by procedural devices which "require (in the case of a presumption) or permit (in the case of an inference) the trier of fact to conclude that the prosecution has met its burden of proof with respect to the presumed or inferred fact by having satisfactorily established other facts." *Mullaney v. Wilbur,* 421 U.S. 684, 702 n. 31, 95 S.Ct. 1881, 1891–1892 n. 31, 44 L.Ed.2d 508 (1975). Since these devices shift the burden of production or persuasion to the defendant by requiring him or her to present some evidence contesting the otherwise presumed or inferred fact, these devices must satisfy certain due process requirements. *Id.*

"[I]n criminal cases, the ultimate test of any [evidentiary] device's constitutional va-

---

**1.** Contrary to the requirements imposed by this court's Rule 26, which provides that "respondent shall serve and file a brief within 30 days after service of the appellant's brief," R.Utah Ct.App. 26(a), the state failed to file a brief in this case. Under subsection (c) of that rule, the state thus ran the risk of disqualification from oral argument. However, no motion to disqualify was made and, while less helpful than a brief, we at least had the benefit of oral argument by the state.

**2.** This position is consistent with well-reasoned decisions from other jurisdictions which have addressed the issue. *See e.g., State v. Lewis,* 394 N.W.2d 212, 217 (Minn.Ct.App.1986) (evidence of controlled substance in a person's urine specimen does not establish possession within meaning of Minnesota statute); *State v. Hornaday,* 105 Wash.2d 120, 713 P.2d 71, 76 (1986) (term "possession of liquor" should not be interpreted to include liquor which is in the body).

lidity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *State v. Chambers*, 709 P.2d 321, 325 (Utah 1985) (quoting *County Court v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979)). The use of any mandatory rebuttable presumption which "requires the jury to find the presumed element unless the defendant persuades the jury that such a finding is unwarranted" is one such evidentiary device found to be unconstitutional. *Francis v. Franklin*, 471 U.S. 307, 314 n. 2, 105 S.Ct. 1965, 1971 n. 2, 85 L.Ed.2d 344 (1985). *See also State v. Chambers*, 709 P.2d at 326; *State v. Turner*, 736 P.2d 1043, 1045 (Utah Ct.App.1987).

Both *Chambers* and *Turner* involved challenges to an identical jury instruction taken verbatim from Utah's possession of stolen property statute, Utah Code Ann. § 76–6–402(1) (1987). That statute provides that possession of property recently stolen, when no satisfactory explanation is made, should be deemed prima facie evidence that the person in possession stole the property. *Id.* The Utah Supreme Court in *Chambers* and this court in *Turner* found that the instruction in question was a mandatory rebuttable presumption as defined by the United States Supreme Court in *Franklin* and was thus unconstitutional. 709 P.2d at 326; 736 P.2d at 1045. In both cases, the constitutionally defective instruction was followed by yet another instruction which defined "prima facie" as "a fact presumed to be true unless disproved by some evidence to the contrary." 709 P.2d at 326; 736 P.2d at 1044. Our Supreme Court and this court found that this instruction could well have indicated to jurors that the defendant was required to disprove guilt, resulting in an impermissible shift in the burden of proof to the defendant. 709 P.2d at 326; 736 P.2d at 1045. Therefore, even if the first instruction did not meet the definition of a

mandatory rebuttable presumption, use of the second instruction would itself have required reversal because it relieved the state of its burden of proof. 709 P.2d at 326.

In this case, the state conceded that it could not prove that the offense of consumption was committed in Utah, but nonetheless argued there is a "presumption" that consumption occurred within the state unless rebutted by evidence to the contrary. The court adopted this view and found that, absent testimony to the contrary from defendant, the "natural inference" and "statistical probability" was that the drinking occurred in the vicinity of the arrest.[3]

Notwithstanding the court's characterization of its basis for finding defendant guilty as a "factual assumption" rather than a "legal presumption," we find the court's approach unconstitutional because, semantics aside, it creates precisely the type of evidentiary device prohibited by *Chambers* and *Turner*. The approach "requires the [fact-finder] to find the element unless the defendant persuades the [fact-finder] that such a finding is unwarranted." *State v. Chambers*, 709 P.2d at 326; *State v. Turner*, 736 P.2d at 1045.

Moreover, even if the evidentiary device used in this case does not fit within the *Chambers–Turner* definition of a mandatory rebuttable presumption, it nonetheless has the effect of relieving the state of its burden of proof on the fact of jurisdiction and is thus unconstitutional under the standard articulated in *In re Winship*, requiring the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. 397 U.S. at 364, 90 S.Ct. at 1072–1073. Despite the state's concession to the contrary, jurisdiction is not an element of the offense in this case. *See* Utah Code Ann. § 76–1–501(3) (1978). However, the rule established in *Winship* is not limited to those facts essential to establish the elements of the offense in the technical sense. *Cf. Mullaney v. Wilbur*,

---

**3.** In so finding, the court did seem to sense the need for evidence on this point and suggested to the county attorney that, in the future, officers "should be instructed ... at least, to explore that

factual determination ... so the Court has something more than just the bare assumption" on which to base its finding.

421 U.S. 684, 698–99 & n. 25, 95 S.Ct. 1881, 1889–1890, & n. 25, 44 L.Ed.2d 508 (1979) (Winship rule "is concerned with substance rather than this kind of formalism" and is not "limited to those facts that constitute a crime as defined by state law.").

In this case, Sorenson's conviction of the offense of consumption necessarily requires proof of the jurisdictional factor that at least some alcohol was consumed in Utah. *See* Utah Code Ann. § 76–1–201 (1978). Though jurisdiction need not be proven beyond a reasonable doubt, it nonetheless must be established by a preponderance of the evidence. Utah Code Ann. § 76–1–501(3) (1978). The state, however, put on absolutely no evidence of jurisdiction but relied instead entirely on the presumption that the consumption of alcohol occurred within the state.

In this regard, Sorenson makes much of the fact that the arrest occurred within approximately 15 miles of two state borders, presumably in an effort to demonstrate the greater possibility of the alcohol having been consumed outside the state of Utah. However, we do not premise our decision to any extent on the fortuitous circumstance of the locus of the arrest and its proximity to a state border, particularly in light of the advanced technological state of modern travel. An arrest even quite removed from a state border might nevertheless be close to an airport, train or bus station, or, for that matter, an interstate highway.

Without regard to the location of defendant's arrest, we find the presumption or assumption used by the court unconstitutional in that it shifted the burden of proof on the fact of jurisdiction to defendant in violation of the due process clause of Article I Section 7 of the Utah Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

### B. *Privilege Against Self–Incrimination*

Sorenson also claims that the presumption used by the court infringed upon his state and federal privileges against self-incrimination by, in effect, requiring him to testify. As this court suggested in *Turner*, a plea of not guilty functions as a denial of the charge and a defendant "should not be penalized in any way for asserting his constitutional right" to remain silent. *State v. Turner*, 736 P.2d at 1045. *But see State v. Chambers*, 709 P.2d at 325 n. 2 (jury instruction utilizing mandatory rebuttable presumption did not constitute an improper comment on defendant's failure to testify where possibility of explanation was provided by evidence other than defendant's testimony).

While the use of such a presumption would appear to raise concerns about self-incrimination, because we find the presumption unconstitutional on the grounds previously discussed, we need not decide whether the presumption infringed on Sorenson's privilege against self-incrimination.

The judgment of the trial court is reversed and the case remanded with instructions to discharge the defendant.[4]

BENCH and DAVIDSON, JJ., concur.

---

4. This procedure is appropriate where reversal is based on a failure of proof rather than error in the trial proceedings. *See State v. Losolla*, 84 N.M. 151, 500 P.2d 436, 437 (Ct.App.1972) (where state failed to establish offense occurred in state, case was remanded with instructions to discharge the defendant).