STATE of Utah, Plaintiff and Appellee,

v.

Tony PEREZ, Defendant and Appellant.

No. 950333–CA.

Court of Appeals of Utah.

Sept. 6, 1996.

Robin K. Youngberg and Robert K. Heineman, Salt Lake City, for Defendant and Appellant.

Jan Graham and James H. Beadles, Salt Lake City, for Plaintiff and Appellee.

Before DAVIS, BILLINGS and GARFF, JJ.[1]

## OPINION

BILLINGS, Judge:

Defendant Tony Perez appeals his convictions for driving while unlicensed, a Class C

---

1.  Senior Judge Regnal W. Garff sitting by special appointment pursuant to Utah Code Ann. § 78–2–4(2) (1995); Utah Code Jud.Admin. 3–108(4).

misdemeanor in violation of Utah Code Ann. § 53-3-202 (Supp.1995), and theft by receiving stolen property, a second degree felony in violation of Utah Code Ann. § 76-6-408 (1995). We affirm defendant's conviction of theft by receiving but vacate defendant's conviction for driving without a license.

## FACTS

On February 4, 1995, Bernie Gonzales reported to police that his car was stolen from his driveway. That afternoon, Utah Highway Patrol Trooper Kathy Slagowski pulled over his car because she saw the passenger smoking what she thought was a marijuana cigarette. Despite her request, none of the occupants of the car produced identification. Trooper Slagowski testified that "the driver [the defendant] told me he didn't have his driver's license with him, or didn't have one, I don't recall." Trooper Slagowski then asked the three individuals to stand by the guard rail while she radioed for backup.

While Trooper Slagowski was calling for backup, defendant and his passengers ran across the six-lane freeway. The trooper informed the dispatch office of the escape and two officers responded. The police eventually found defendant and his passengers hiding in a warehouse.

After defendant's apprehension, he gave conflicting stories to the police. Defendant told Trooper Dan Ferguson that he did not know the car was stolen because one of the passengers, Jose Al Cantor, had picked him up and that he ran because he thought Al Cantor had drugs or guns. Initially, defendant also told Trooper Mike Cowdell that Al Cantor had picked him up in the car, but later claimed they had asked to borrow the car from the owner.

Defendant was charged with theft by receiving stolen property, and driving without

being licensed. During the trial, the court repeatedly sustained the State's hearsay objections to defendant's testimony of statements made to him by Jose Al Cantor regarding whether he knew the car was stolen. The trial court also gave a jury instruction on receipt of stolen property over defendant's objection. Defendant was convicted of driving without being licensed and theft by receiving stolen property.

■ Defendant now appeals, claiming the evidence was insufficient to support his conviction for driving without being licensed,[2] the trial court erred in sustaining the hearsay objections, the trial court improperly instructed the jury on receipt of stolen property, and that cumulative error mandates reversal.[3]

## I. HEARSAY

■ Defendant claims the trial court erred in sustaining the State's repeated hearsay objections to defendant's testimony of statements made to him by Jose Al Cantor as they were not offered for the truth of the matters stated but only to establish defendant's actions in response to these statements.

■ Rule 801(c) of the Utah Rules of Evidence defines hearsay as "a statement, other than one made by the declarant ..., *offered in evidence to prove the truth of the matter asserted.*" Utah R.Evid. 801(c) (emphasis added). "However, if an out-of-court statement is 'offered simply to prove that it was made, without regard to whether it is true, such testimony is not proscribed by the hearsay rule.' " *State v. Olsen*, 860 P.2d 332, 335 (Utah 1993) (quoting *State v. Sorensen*, 617 P.2d 333, 337 (Utah 1980)). Whether a statement is offered for the truth of the matter asserted is a question of law, which

---

**2.** Defendant argues and the State concedes that the evidence of defendant's driving without being licensed is insufficient to support a guilty verdict. We commend the State for its candor and reverse defendant's conviction for driving without being licensed.

**3.** "Under the cumulative error doctrine, we will reverse only if 'the cumulative effect of the several [otherwise harmless] errors undermines our

confidence ... that a fair trial was had.' " *State v. Dunn*, 850 P.2d 1201, 1229 (Utah 1993) (quoting *Whitehead v. American Motors Sales Corp.*, 801 P.2d 920, 928 (Utah 1990)). After a full review of the record and our reversal of one of defendant's convictions, the cumulative effect of the identified errors does not undermine our confidence in the essential fairness of defendant's trial on receiving stolen property.

we review under a correction of error standard. *Id.*

The following colloquies occurred between defendant and his defense counsel at trial:

Q Did he represent that the car was his?

A Yeah, he did.

MS. BYRNE: Objection, Your Honor.

THE COURT: The objection is sustained.

MS. BYRNE: Hearsay.

THE COURT: It's sustained and stricken.

Q (By MR. YOUNGBERG) Did he have the keys to the car?

A He did have the keys.

Q Did he give you any reason to think it was stolen?

A None at all. He told me he bought the car.

MS. BYRNE: Objection, hearsay.

THE COURT: Sustained. Mr. Perez, don't tell us what anybody else said.

THE WITNESS: All right.

THE COURT: All right?

THE WITNESS: All right.

. . . .

Q And why did you flee from the scene?

MR. YOUNGBERG: Your Honor, I believe this is going to call for a statement by the other individual, however we're not offering that to prove the truth of the matter asserted, simply to explain his actions in fleeing.

THE COURT: Well, I haven't heard an objection as to what—are you going to make one?

MS. BYRNE: May we approach the bench, Your Honor?

. . . .

Q (MR. YOUNGBERG) So there came a time when you took off, right?

A Yeah.

Q All right. Without going into what anybody told you, did somebody say something that made you run?

A Yeah.

Q So why did you run, Tony?

A Because somebody told me the car was stolen.

MS. BYRNE: Objection.

THE COURT: Sustained.

We agree that defendant was not trying to prove whether Mr. Al Cantor stole the car. Rather, defendant was merely offering an explanation for his actions. Thus, the truth or falsity of Mr. Al Cantor's statements is immaterial. Therefore, we conclude these statements were not hearsay and were improperly excluded at trial.

■ However, "[w]e may not interfere with a jury verdict unless upon review of the entire record, there emerges error of sufficient gravity to indicate that a defendant's rights were prejudiced in a substantial manner." *State v. Salmon,* 612 P.2d 366, 370 (Utah 1980). We must find, absent the error, "a reasonable probability there would have been a result more favorable to defendant." *Id.*

■ Defendant admits the excluded evidence eventually came in through subsequent questioning. Nonetheless, defendant claims his subsequent testimony was not enough to cure the court's error. We disagree.

Defendant had the following exchange with his defense counsel at trial:

Q So the bottom line is you ran because why, you were scared?

A No, because the car was stolen.

Q When did you find out the car was stolen?

A When they took us to the side of the road.

Q And how did you find out the car was stolen?

A From Mr. Al Cantor.

Q Up to that point did you know that the car was stolen?

A No.

Q Did you have any—In your mind did you have any reason to think that [the] car was stolen?

A No.

In this exchange, defendant was able to testify that he did not know the car was stolen until they were being detained, that he had no reason to believe the car was stolen until that point in time, and that he ran

because he had just been told the car was stolen. These statements formed the basis of defendant's defense and were the substance of the erroneously excluded testimony. Once the court allowed the testimony to come in, any prior ruling prohibiting it was harmless error. *See State v. Butler,* 560 P.2d 1136, 1140 (Utah 1977) (Hall, J., concurring). Therefore, we conclude defendant was not prejudiced by the court's evidentiary rulings.

## II. JURY INSTRUCTION

■ Next, defendant claims the trial court improperly instructed the jury as to receipt of stolen property because the language of the instruction improperly shifted the burden of proof to defendant.

The instruction at issue derives, in part, from Utah Code Ann. § 76–6–402(1) (1995), which provides:

Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

There is considerable Utah case law addressing jury instructions dealing with this statutory presumption. *State v. Chambers,* 709 P.2d 321 (Utah 1985), is an appropriate place to begin our analysis. The instruction in *Chambers* quoted section 76–6–402(1) verbatim. The court held that using the language of section 76–6–402(1) created an unconstitutional mandatory rebuttable presumption, which " 'requires the jury to find the element unless the defendant persuades the jury that such a finding is unwarranted,' " and thus improperly relieves the State of its burden of proof. *Id.* at 326 (quoting *Francis v. Franklin,* 471 U.S. 307, 314 n. 2, 105 S.Ct. 1965, 1971 n. 2, 85 L.Ed.2d 344 (1985)). The court noted that the question of a prima facie case is a question of law for the court to determine when considering whether the case is sufficient to submit to the jury. *Id.* at 327. Thus, to give such a charge " 'would only be confusing' " to the jury. *Id.* (citation omitted). The *Chambers* court concluded "the statutory language should not be used in any form." *Id.*

Nevertheless, the *Chambers* court emphasized that section 76–6–402(1), upon which the instruction was based, had no constitutional infirmity when properly construed. *Id.* at 326. The court cited with approval *State v. Asay,* 631 P.2d 861 (Utah 1981), where the following instruction based on section 76–6–402(1) was approved: "You are further instructed that one who is found to be in possession of property recently stolen *may* be found to be the guilty person unless he gives a satisfactory explanation of his possession thereof." *Id.* at 863 (emphasis added).

In a subsequent case, *State v. Smith,* 726 P.2d 1232 (Utah 1986), the supreme court clarified its holding in *Chambers* and upheld a jury instruction even though it included the statutory language. *Id.* at 1235–36. The instruction stated:

Utah law provides that:

"Possession of property recently stolen when no satisfactory explanation of such possession is made, shall be prima facie evidence that the person in possession stole the property."

Thus, if you find from the evidence and beyond a reasonable doubt, that the defendant was in possession of stolen property, that such possession was not too remote in point of time from the theft, and the defendant made no satisfactory explanation of such possession, then you *may infer* from those facts that the defendant committed the theft.

*Id.* at 1234 (emphasis added).

The court recognized *Chambers*'s holding "that a jury instruction using the language of section 76–6–402(1) is unconstitutional because it 'relieve[d] the State of its burden of proof.' " *Id.* (citation omitted). The court then explained that "[a]n instruction that simply incorporates the statutory language is unconstitutional when the statutory term '*prima facie*' is defined as a presumption, as was the case in *Chambers.*" *Id.* The *Smith* court emphasized that the instruction before it, although containing the statutory language, "carefully stated that the statutory language meant only that *if* the jury found certain facts that 'you may *infer from those facts* that the defendant committed the

theft.'" *Id.* The court stated "the statutory language incorporated in the instruction allowed only an *inference* of guilt, and then only if justified by the facts." *Id.* Therefore, although the court held "the trial court should not have used the statutory language in the instruction for the reasons stated in *Chambers*," the instruction could not be "deemed reversible error ... in light of the clear explanatory instructions that all that the jury could make of the term *'prima facie'* was a permissible inference." *Id.* at 1235–36. Thus, even though the first paragraph of the instruction quoted the statute verbatim, the court upheld it because the context of the instruction as a whole allowed only a permissible inference.

We examine the instruction at issue in light of this authority. The instruction provides:

> Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which *you may reasonably draw the inference and find, in light of the surrounding circumstances shown by the evidence in the case,* that the person in possession of the stolen property stole the property and knew that it was stolen.
>
> Thus, if you find from the evidence and beyond a reasonable doubt (1) that the defendant was in possession of property, (2) that the property was stolen, (3) that such possession was not too remote in point of time from the theft, and (4) that no satisfactory explanation appears from the evidence, then *you may infer from these facts* and find that the defendant stole the property and knew the property was stolen.

(Emphasis added.)

In the second paragraph of this instruction, the trial court instructed the jury with nearly the same permissible inference as in *Smith.* The instruction stated only if you find these facts beyond a reasonable doubt, may you infer from those facts the defendant stole the property or knew the property was stolen. Further, whereas the first paragraph of the *Smith* instruction quoted the statute verbatim, the first paragraph of the instruction in this case merely paraphrases the statutory language, eliminating the confusing term prima facie and, in fact, emphasizes the discretion allowed the fact finder. The challenged instruction did not improperly shift the burden of proof to defendant, and we therefore conclude the instruction was not error.

## CONCLUSION

We conclude there was not sufficient evidence to sustain a conviction for driving while unlicensed, and we vacate that conviction. We also conclude the trial court erroneously sustained hearsay objections; however, those errors were harmless. Finally, we conclude the challenged jury instruction did not shift the burden of proof to defendant and therefore the instruction was proper. Accordingly, we uphold defendant's conviction for theft by receiving stolen property.

DAVIS, Associate P.J., and GARFF, Senior Judge, concur.