**LAMBERT & SONS, INC. and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO and Eduardo Monsen, Respondents.**

No. 97CA1774.

Colorado Court of Appeals,
Div. V.

July 9, 1998.

As Modified on Denial of Rehearing
Oct. 15, 1998.

Certiorari Denied July 12, 1999.

Colorado Compensation Insurance Authority, Curt Kriksciun, Denver, for Petitioners.

No Appearance for The Industrial Claim Appeals Office.

Taussig & Taussig, John G. Taussig, Jr., Boulder, for Respondent Eduardo Monsen.

Opinion by Judge MARQUEZ.

Employer, Lambert & Sons, Inc., and its insurer, Colorado Compensation Insurance Authority, (collectively CCIA) seek review of a final order of the Industrial Claim Appeals Office (Panel) awarding Eduardo Monsen (claimant) medical impairment benefits without apportionment for a prior industrial injury. We affirm.

Claimant sustained an admitted industrial injury to his back in 1995 and reached maximum medical improvement that same year. After performing a division-sponsored independent medical examination (IME), the physician assigned claimant a 12% whole person physical impairment rating. However, because claimant had sustained a prior industrial back injury, the physician noted that apportionment was probably warranted, but could not be calculated until the medical records and impairment rating for the first injury were reviewed.

Later, the physician examined the records and discovered that claimant had received a 12% impairment rating from the first injury. In a subsequent deposition, the physician stated that all of claimant's impairment was preexisting. However, he also stated that he was unsure whether the impairment resulted from the first or second injury and that the second injury may have permanently exacerbated claimant's preexisting condition.

At the hearing, claimant testified that, prior to the second injury, he was asymptomatic from the first injury and was able to perform heavy construction work. Furthermore, he testified that, since the second injury, he had been unable to perform heavy work. The Administrative Law Judge (ALJ) found this testimony credible and persuasive.

The ALJ denied CCIA's request to apportion claimant's impairment between the first and second injuries, finding that CCIA had failed to overcome by clear and convincing evidence the 12% impairment rating issued by the IME physician. The ALJ concluded that apportionment was inappropriate because claimant was asymptomatic for a significant period prior to the second injury, and because CCIA offered insufficient documentation as required by the *American Medical Association Guides to the Evaluation of Permanent Impairment* (3d ed. 1990) (*AMA Guides*).

The Panel affirmed the denial of apportionment, but on different grounds. Noting that it is possible for a claimant to have a preexisting impairment which is not disabling, *see Askew v. Industrial Claim Appeals Office*, 927 P.2d 1333 (Colo.1996), the Panel concluded that the order must be upheld because the ALJ implicitly found that the first injury was not disabling. The Panel held that the ALJ's finding that claimant had been able to perform heavy work until his second injury established, as a matter of law, that there was no disability at the time claimant suffered the second injury.

## I.

■ CCIA contends that the Panel misinterpreted *Askew* in requiring a threshold showing of disability before any apportionment may be made by the ALJ. CCIA argues that, contrary to the Panel's ruling, *Askew* allows an apportionment of *either* a disability or an impairment. Further, CCIA argues that, because claimant received an impairment rating for the first injury, whether he continued to suffer from symptoms of that injury at the time of the second injury is irrelevant. We reject these arguments and conclude that apportionment was not warranted.

Section 8–42–104(2), C.R.S.1997, provides in pertinent part:

In case there is a previous disability, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability *as it existed at the time of the subsequent injury.* ... (emphasis added)

■ In *Askew*, the supreme court held that § 8–42–104(2) permits apportionment of permanent disability benefits based on a preexisting condition, provided that the preexisting condition is disabling. Thus, apportionment is proper only when a prior disability is a contributing factor to a subsequent disability. Because in *Askew* the claimant's degenerative back condition had been asymptomatic prior to the injury, and had not been sufficiently identified, treated, or evaluated to be rated as a contributing

factor in the subsequent disability, it did not constitute a previous disability. On that basis, the *Askew* court held that apportionment of the degenerative back condition was not appropriate. *See also Colorado Mental Health Institute v. Austill*, 940 P.2d 1125 (Colo.App.1997) (interpreting *Askew*).

■ In so holding, the supreme court in *Askew* distinguished between a disability and an impairment. An impairment relates to an alteration of an individual's health status as assessed by medical means, while a disability pertains to a person's ability to meet personal, social, or occupational demands, and is assessed by non-medical means. And, there is a distinction between an "impairment," which, as defined in the *AMA Guides*, may or may not be disabling, *see Askew, supra*, and an "impairment rating," which is the basis for an award of compensation for a disability. *See* § 8–42–107(8)(c), C.R.S.1997.

CCIA argues that apportionment is required because there was a prior impairment or impairment rating. However, *Askew* makes clear that, under the *AMA Guides*, there can be impairment without disability. Therefore, contrary to CCIA's argument, these are not separate bases for apportionment.

■ Thus, if a claimant has a prior impairment rating, but is asymptomatic at the time of the subsequent injury, apportionment is not appropriate. While § 8–42–104(2) provides for a deduction in the event of a previous disability, it also states that the percentage to be deducted is the "percentage of the previous disability as it existed at the time of the subsequent injury." In our view, the statute takes into account the possibility that, for purposes of apportionment, a previous disability might no longer exist. *See Askew v. Industrial Claim Appeals Office, supra.*

Recent opinions interpreting *Askew* are consistent with this conclusion. *See Colorado Mental Health Institute v. Austill, supra* (claimant's pre-existing conditions were not asymptomatic prior to the onset of the occupational disease and had been previously diagnosed, treated, and evaluated and did limit her capacity to meet personal, social, or occu-

pational demands; however, remand was necessary to determine whether, and to what extent, claimant's pre-existing conditions impacted her ability to earn a wage and to perform the same or other employment); *Baldwin Construction, Inc. v. Industrial Claim Appeals Office*, 937 P.2d 895 (Colo. App.1997) (because the ALJ had found that the pre-existing conditions did not affect the claimant's ability to perform his job and did not limit his access to the job market prior to the industrial injury, apportionment was not appropriate).

Accordingly, we hold that apportionment is not appropriate when a claimant is issued a medical impairment rating for a previous injury, and prior to the second injury the claimant's condition improves to the point that he or she is asymptomatic. Thus, while there might be an actual impairment rating for the first injury, it is not conclusive and may be rebutted, as here, by credible evidence of an improvement of condition.

Here, claimant's preexisting condition had been identified, treated, and evaluated, and resulted in a 12% impairment rating. However, claimant testified, and the ALJ found persuasive, that claimant was asymptomatic for a significant period prior to the second injury. The ALJ also found that CCIA had not overcome the physician's impairment rating by clear and convincing evidence. In this regard, we note that the physician's report was inconclusive, even after he considered the record of the preexisting condition.

## II.

CCIA also contends that the ALJ erred in placing the burden of overcoming the IME report on it, rather than on claimant. Under the circumstances, we disagree.

Section 8–42–107(8)(c) provides that the division-sponsored independent medical examiner shall issue a "finding" regarding the medical impairment rating, and that this "finding" shall be overcome only by clear and convincing evidence. *See Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.

App.1995). Thus, the party contesting the IME physician's impairment rating bears the burden of proof. *See Cowin & Co. v. Medina*, 860 P.2d 535 (Colo.App.1992)(burden of proof rests upon the party asserting the affirmative of a proposition).

Here, the ALJ found that CCIA "contests the 12% assessed by [the IME physician] based on the issue of apportionment." The ALJ then found that CCIA did not meet its burden of overcoming this impairment rating by clear and convincing evidence.

We agree with CCIA that the opinion of the IME physician stated in his subsequent deposition should be considered, together with the initial report, as part of the IME physician's "finding" for purposes of § 8–42–107(8)(c). *See Askew v. Industrial Claim Appeals Office, supra* (fn.5). However, in the deposition, the physician stated that claimant's impairment was "completely and totally" preexisting, yet later stated that "what component of [the 12% impairment] is a result of his [second] injury, it's difficult to specify." These statements were specifically raised at the hearing in the parties' closing arguments.

Although the ALJ noted the IME physician's 0% apportionment, when the ALJ's order is read as a whole, it is clear that he adopted the 12% impairment rating, and required CCIA to overcome that rating. The ALJ was persuaded by claimant's testimony that he was asymptomatic from the first injury prior to the second injury.

Accordingly, we perceive no error in the ALJ's placement of the burden of proof on CCIA in this case.

The order of the Panel is affirmed.

Judge KAPELKE and Judge STERNBERG *, concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1997.