**PUBLIC SERVICE COMPANY OF COLORADO, Petitioner,**

**v.**

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Lindsay Heyer, Respondents.**

**No. 00CA1991.**

Colorado Court of Appeals, Division IV.

June 21, 2001.

Rehearing Denied July 26, 2001.

Certiorari Denied Feb. 4, 2002.

Ritsema & Lyon, Michael A. Perales, Richard W. Pruett, Denver, CO, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Fogel, Keating, Wagner, Polidori, Shafner, Struthers, and Heron, P.C., Marshall A. Fogel, Kristin D. Sanko, Denver, Colorado, for Respondent Lindsay Heyer.

Opinion by Judge KAPELKE.

In this workers' compensation proceeding, Public Service Company of Colorado (employer) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding an order by an Administrative Law Judge (ALJ). That order awarded medical impairment benefits to Lindsay Heyer (claimant) based upon a whole person impairment and included a determination that apportionment would be inappropriate. We affirm.

Claimant sustained an admitted low back injury in 1998. Previously, he had suffered a work-related low back injury in 1991 and a reinjury to his back in 1995. As a result of the 1991 injury, for which he underwent surgery, he received a permanent impairment rating of 16%. He was also placed under

permanent medical restrictions. The reinjury in 1995 resulted in no additional impairment.

After the 1998 injury, claimant underwent nerve root decompression surgery. His treating physician placed him at maximum medical improvement (MMI) on May 21, 1999, and rated his permanent medical impairment at 23% of the whole person. However, because of claimant's previous impairment, the treating physician reduced the rating to 8%. The division-selected physician who performed the independent medical examination (IME) reached the same result.

Claimant requested a hearing, arguing that while the whole person impairment rating of 23% was correct, apportionment was inappropriate because he was not suffering any disability from the 1991 injury at the time of the 1998 injury. Employer argued that the rating assigned by the division-selected physician who performed the IME involved a matter of causation, rather than apportionment, and therefore had to be overcome by clear and convincing evidence pursuant to § 8–42–107(8)(c), C.R.S.2000.

The ALJ agreed with claimant that apportionment was not warranted. In addition, the ALJ found that the issue of pre-existing disability pertained to apportionment, rather than causation. Consequently, he held that the preponderance of the evidence standard applied, rather than the clear and convincing standard.

On review, the Panel affirmed the unapportioned award of benefits based upon a whole person impairment rating of 23%. This appeal followed.

## I.

Employer initially contends that, in rejecting apportionment, the Panel erred in relying upon *Lambert & Sons, Inc. v. Industrial Claim Appeals Office,* 984 P.2d 656 (Colo. App.1998), because the holding in that case conflicts with the rule in *Askew v. Industrial Claim Appeals Office,* 927 P.2d 1333 (Colo. 1996). We disagree.

Apportionment based on pre-existing impairment is not proper unless the impairment was independently disabling at the time of the industrial injury. *See* Colo. Sess. Laws 1990, ch. 62, § 8–42–104(2) at 490 (now amended at § 8–42–104(2)(c), C.R.S.2000, to provide that an award of benefits for an injury shall exclude any previous impairment to the same body part).

In *Askew v. Industrial Claim Appeals Office, supra,* the supreme court determined that, for purposes of apportionment of permanent partial disability benefits, a "medical impairment" cannot be equated to a "disability." Relying on the *American Medical Association Guides to the Evaluation of Permanent Impairment* (3d ed. 1990)(*AMA Guides*), the *Askew* court concluded that "impairment" relates to an alteration of an individual's health status as assessed by medical means, while "disability" pertains to an individual's ability to meet "personal, social or occupational demands" and is assessed by nonmedical means. The court held that apportionment of medical impairment under § 8–42–104(2) is appropriate only if the pre-existing condition constitutes a disability.

The *Askew* court further recognized that the *AMA Guides* allow apportionment only when a prior impairment has been sufficiently identified, treated, or evaluated to be rated as a contributing factor in the subsequent disability. The court therefore concluded that a pre-existing condition that was dormant or asymptomatic prior to the industrial injury, such as the degenerative back condition suffered by the claimant in that case, could not be evaluated adequately to support apportionment.

In *Lambert & Sons, Inc. v. Industrial Claim Appeals Office, supra,* a division of this court addressed a situation similar to that here. An impairment rating had been assigned for a prior industrial injury, but there was no pre-existing disability manifested at the time of the later work injury. Applying § 8–42–104(2), which provides that only the percentage of the previous disability "as it existed at the time of the subsequent injury" is to be deducted from the overall percentage of the entire disability, the division held that apportionment is improper where a claimant's pre-existing condition has

resolved to the extent that he or she was asymptomatic at the time of the later injury.

■ Employer argues that the procedures for apportionment under the *AMA Guides* require that a physician consider any change in the prior impairments and that *Lambert* thus creates a conflict by requiring that a previously measured and evaluated impairment be disregarded. However, the holding in *Lambert* merely gives effect to the language of § 8–42–104(2) requiring a showing of some residual effect of the prior disability. Furthermore, both *Askew* and *Lambert* recognize that apportionment under § 8–42–104(2) depends not only upon the presence of a prior disability, but also upon a showing that the prior condition or injury contributed to the subsequent disability.

■ Thus, if a claimant's condition has improved to the extent that a disability is no longer present when the later injury occurs, that prior disability cannot be considered a contributing factor. The fact that apportionment under the *AMA Guides* concerns impairment rather than disability does not change this requirement.

Consequently, we reject the argument that the holding in *Lambert* is inconsistent with the analysis in *Askew*. Further, because we agree with the analysis and holding in *Lambert*, we reject employer's request that we decline to follow that decision.

## II.

Employer next contends that the Panel erred in upholding the ALJ's application of a preponderance of the evidence standard. We disagree.

■ The impairment rating assigned by the division-selected physician is binding unless overcome by clear and convincing evidence. Section 8–42–107(8)(c), C.R.S 2000; *Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.App.1995). In assessing the impairment, the rating physician must identify and evaluate all the losses and restrictions resulting from the industrial injury. To the extent that process involves the determination of causation, it is an inherent part of the impairment rating, and the party challenging the IME physician's rating must show that it is highly probable that the rating is incorrect. *Qual–Med, Inc. v. Industrial Claim Appeals Office*, 961 P.2d 590 (Colo.App.1998).

Under the *AMA Guides* ch. 2.2, apportionment refers to the determination of the various components of a claimant's overall impairment. *Egan v. Industrial Claim Appeals Office*, 971 P.2d 664 (Colo.App.1998). Thus, as the Panel observed, apportionment under the *AMA Guides* pertains to the causation issues inherently present as part of the IME rating protocol.

In contrast, the opinions in *Askew v. Industrial Claim Appeals Office, supra*, and *Lambert & Sons, Inc. v. Industrial Claim Appeals Office, supra*, clarify that the apportionment principles triggered under § 8–42–104(2) do not concern causation, but instead pertain to the status of a claimant's pre-existing impairment. That is, apportionment under § 8–42–104(2) is appropriate only when the impairment rises to the level of a disability and continues to affect the claimant at the time of the subsequent injury.

■ The Panel correctly drew this distinction, and we agree with its analysis and its conclusion that the division-selected IME physician's apportionment was not based on a finding of causation. As the ALJ found, the IME physician apportioned the overall rating without making a determination as to whether any component of claimant's impairment was attributable to the 1991 injury, as opposed to the 1998 injury. Consequently, the Panel properly upheld the ALJ's determination that the apportionment applied by the division-selected IME physician was not entitled to presumptive effect.

■ Whether a claimant's prior injuries are "disabling" for purposes of § 8–42–104(2) is largely a question of fact to be determined by the ALJ. That determination is governed by the preponderance of the evidence standard. *Absolute Employment Services, Inc. v. Industrial Claim Appeals Office*, 997 P.2d 1229 (Colo.App.1999).

■ Here, we agree with the Panel that the ALJ's findings of fact support the legal conclusion that apportionment was unwarranted. Further, the ALJ found that claim-

ant's condition improved after 1992, that he was performing the heavy work demands of his job, and that he continued to participate in his usual social, personal, and recreational activities. Claimant had also passed the annual physical exams he had been required to take. The record also shows that he did not seek medical treatment for back pain between 1992 and 1998, other than for the 1995 reinjury.

Because the ALJ's findings here are supported by the evidence, they must be upheld. *See* § 8–43–308, C.R.S.2000; *Absolute Employment Services, Inc. v. Industrial Claim Appeals Office, supra.* Accordingly, because the evidence supports the ALJ's finding that the claimant's pre-existing condition was asymptomatic and not disabling at the time of the industrial injury, apportionment is improper as a matter of law. *See Lambert & Sons, Inc. v. Industrial Claim Appeals Office, supra,*

The Panel's order is affirmed.

Judge DAVIDSON and Judge RULAND concur.