Robert MARTINEZ, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Rome Corporation, d/b/a Western Well Service; and Westport Insurance, Respondents.

No. 06CA2673.

Colorado Court of Appeals, Div. VI.

July 26, 2007.

Certiorari Denied Feb. 11, 2008.

Michael W. Seckar, Pueblo, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Dworkin Chambers Williams York Benson & Evans, P.C., David J. Dworkin, Justen L. Miller, Denver, Colorado, for Respondents Rome Corporation and Westport Insurance.

Opinion by Judge WEBB.

Robert Martinez (claimant) seeks review of the final order of the Industrial Claims Appeals Office (Panel) applying the impairment rating of a division-sponsored independent medical examination (DIME) that apportioned for prior industrial injuries. We affirm.

## I. Background

On December 13, 2004, claimant sustained an admitted industrial low back injury while employed by Rome Corporation, doing business as Western Well Service (employer). He reached maximum medical improvement (MMI) on September 22, 2005, and his treating physician rated his permanent impairment at forty-two percent of the whole person. Claimant had previously sustained industrial injuries to or affecting his back in 1998, 2000, 2001, 2002, and January 2004. However, the treating physician found no basis to apportion the impairment rating to any preexisting conditions.

Claimant underwent a DIME that assigned a whole person permanent impairment rating of thirty percent. The DIME physician, Dr. William Watson, determined that apportionment was indicated using Table 53 of the American Medical Association Guides to the Evaluation of Permanent Impairment (rev. 3d ed.) (AMA Guides) (providing criteria for the rating of impairment to the spine) and assigned a rating of five percent to claimant's prior injuries, resulting in an adjusted whole person impairment rating of twenty-five percent.

Employer and its carrier, Westport Insurance, filed a final admission of liability consistent with the DIME physician's rating. Claimant contested apportionment and applied for a hearing seeking additional permanent partial disability (PPD) benefits.

The administrative law judge (ALJ) found that the DIME physician had claimant's medical records regarding the prior low back injuries and relied on them in determining apportionment, but the ALJ did not address the absence of any reference to permanent impairment in these records. The ALJ rejected claimant's argument that apportionment was unavailable because the prior injuries were not rated for permanent impairment and were not disabling at the time of the current injury. The ALJ also held that the DIME physician's opinion was not overcome by the differing opinion of claimant's expert, concluded that apportionment was appropriate, and awarded PPD benefits based on the DIME physician's impairment rating.

The Panel affirmed on review.

## II. Apportionment as a Matter of Law

■ Claimant contends the DIME physician's apportionment was unsupported as a matter of law. We disagree.

Under § 8–42–107(8), C.R.S.2006, a DIME physician's opinions concerning MMI and permanent medical impairment are binding unless overcome by clear and convincing evidence. *See Leprino Foods Co. v. Indus. Claim Appeals Office,* 134 P.3d 475, 482–83 (Colo.App.2005). Both determinations require the DIME physician to assess, as a matter of diagnosis, whether the various components of the claimant's medical condition are causally related to the industrial injury.

Under the AMA Guides ch. 2.2, apportionment refers to determining the various components of a claimant's overall impairment and, therefore, pertains to the causation issues inherent in the DIME rating protocol. *Pub. Serv. Co. v. Indus. Claim Appeals Office,* 40 P.3d 68, 71 (Colo.App.2001). However, the AMA Guides allow apportionment only when a prior impairment has been sufficiently identified, treated, or evaluated to be rated as a contributing factor in the subsequent disability. *Askew v. Indus. Claim Appeals Office,* 927 P.2d 1333, 1338 (Colo.1996).

Section 8–42–104(2), Colo. Sess. Laws 1990, ch. 62, at 490 (now codified as amended at § 8–42–104(2)(a), C.R.S.2006), formerly permitted apportionment based on preexisting impairment only if the impairment was independently disabling at the time of the industrial injury. *See Lambert & Sons, Inc. v. Indus. Claim Appeals Office,* 984 P.2d 656, 658–59 (Colo.App.1998). That question was considered to be one of fact subject to the preponderance of the evidence standard rather than the clear and convincing standard. *Pub. Serv. Co. v. Indus. Claim Appeals Office, supra,* 40 P.3d at 71.

Section 8–42–104(2)(b), C.R.S.2006, which was added in 1999 and applies to injuries suffered on or after July 1, 1999 (Colo. Sess Laws 1999, ch. 141 at 410), now provides that

an award of benefits under § 8–42–107, C.R.S.2006, shall "exclude any previous impairment to the same body part." This statutory change renders immaterial the distinction drawn in *Public Service Company v. Industrial Claim Appeals Office, supra*, between the type of apportionment authorized under former § 8–42–104(2) and the type of apportionment required by the AMA Guides as part of the rating process. Under § 8–42–104(2)(b), apportionment no longer depends on the ALJ's determination of whether a previous impairment was disabling at the time of the current injury. This change indicates that apportionment of medical impairment now constitutes a pure medical determination, which when made by the DIME physician is subject to the clear and convincing standard of § 8–42–107(8).

### III. Supporting Grounds for Apportionment

■ Claimant next contends the DIME physician's apportionment lacked a sufficient basis because he had fully recovered from his prior injuries and suffered no permanent, preexisting impairment. Under the clear and convincing evidence standard, we cannot disturb the ALJ's decision.

Although § 8–42–104(2)(b) refers only to "previous impairment," claimant relies on Workers' Compensation Rule of Procedure 123, 7 Code Colo. Regs. 1101–3, which provides:

> Pursuant to § 8–42–104(2), C.R.S., a Level II accredited physician shall apportion *the pre-existing permanent medical impairment* from a work-related injury or occupational disease using the AMA Guides, 3rd Edition, Revised, where medical records or other objective evidence substantiate a pre-existing impairment. Any such apportionment shall be made by subtracting from the injured worker's impairment the pre-existing impairment as it existed at the time of the subsequent injury or occupational disease. The physician shall explain in their [sic] written report the basis of any apportionment. If there is insufficient information to measure the change accurately, the Level II accredited physician shall not apportion.

(Emphasis added.) The "permanent" requirement is not disputed by employer.

Claimant maintains that he suffered no such impairment because, as the ALJ observed, he received no impairment ratings or permanent work restrictions for his prior back injuries, from which his medical records show full recovery, and he had no ongoing pain, disability, or need for medical care in the months immediately preceding the current injury. Claimant also notes that his treating physician found no evidence of previous permanent impairment. He urges that, like the claimant in *Askew v. Industrial Claim Appeals Office, supra*, any preexisting condition was dormant and asymptomatic and therefore, could not be sufficiently evaluated to support apportionment.

However, neither the statute nor the rule mandates that the previous permanent impairment be shown by a prior impairment rating or permanent work restrictions. Further, the apparent lack of symptoms at the time of the current injury, while a circumstance to be evaluated by the DIME physician, also does not as a matter of law preclude a DIME medical determination of a preexisting permanent impairment.

The DIME physician's summary of claimant's medical history discussed the prior injuries and acknowledged that claimant was returned to full duty after the January 2004 injury with no impairment. The DIME physician also explained the criteria and worksheets he used in calculating impairment. The worksheets were promulgated by the Division and were designed to guide the apportionment of spinal conditions.

Nevertheless, claimant asserts that the DIME physician misapplied the worksheets by speculating as to the presence of any rigidity, a requirement of the AMA Guides, and by considering events occurring more than a year prior to the current injury. Although records of claimant's prior injuries do not document six months of rigidity, we cannot say as a matter of law that these records preclude the DIME physician from forming his own opinion on rigidity. The DIME physician explained that his Table A rating only

accounted for events that occurred within the year preceding the current injury.

Therefore, we accept the Panel's conclusion that the DIME physician's methods were consistent with the applicable law and that his apportionment had some support in the evidence. Thus, the rating protocols used by the DIME physician were sufficient to support his opinion that the preexisting impairment was permanent and "active" when the current injury occurred. The other medical determinations that claimant had recovered from his prior injuries did not preclude the DIME physician, as a matter of law, from forming his own contrary opinion, although we are troubled that he did so without specifically addressing those determinations.

We agree with the Panel that the ALJ's order reflects that she considered the competing evidence in the record and applied the correct burdens of proof, although we might have decided the case differently had we been sitting as the ALJ. *Mosley v. Indus. Claim Appeals Office,* 78 P.3d 1150, 1153 (Colo.App.2003).

Accordingly, under applicable standards of review, we may not disturb the ALJ's conclusion that claimant's medical evidence was insufficient to overcome the DIME physician's apportionment by clear and convincing evidence. *See* § 8–43–308, C.R.S.2006 (reviewing court must uphold the ALJ's determination if supported by substantial evidence in the record); *Brownson–Rausin v. Indus. Claim Appeals Office,* 131 P.3d 1172, 1179 (Colo.App.2005)(where the substantial evidence, even if conflicting, supports the determination that the DIME physician's opinion has not been overcome by clear and convincing evidence, the ALJ's order may not be set aside); *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411, 414 (Colo.App.1995) (the scope of review on appeal is "exceedingly narrow").

Our determination that the rating protocols were appropriate and sufficient to support the DIME physician's impairment determination removes the basis for claimant's contention that the clear and convincing burden of proof does not apply in this instance. Further, the spinal apportionment case examples provided by claimant are distinguishable, and, therefore, we need not address employer's contention that they could only be considered if properly part of the record on appeal.

The order is affirmed.

Judge LOEB and Judge RUSSEL concur.