2014 UT App 33

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph Brandon CROWLEY, Defendant and Appellant.**

**No. 20120128–CA.**

Court of Appeals of Utah.

Feb. 13, 2014.

Peter A. Daines and Heather J. Chesnut, for Appellant.

Sean D. Reyes and Jeanne B. Inouye, Salt Lake City, for Appellee.

Judge MICHELE M. CHRISTIANSEN authored this Opinion, in which Judges GREGORY K. ORME and JAMES Z. DAVIS concurred.

Opinion

CHRISTIANSEN, Judge:

¶ 1 Defendant Joseph Brandon Crowley appeals from convictions for theft by receiving stolen property and theft by deception following a jury trial. We reverse and remand for a new trial.

BACKGROUND

¶ 2 "On appeal from a jury verdict, we view the evidence and all reasonable inferences in a light most favorable to that verdict and recite the facts accordingly." *State v. Pinder*, 2005 UT 15, ¶ 2, 114 P.3d 551 (citation and internal quotation marks omitted). The charges filed against Defendant stem from the theft of an iPod from a parked vehicle. The evidence reveals that Defendant sold that iPod at a pawnshop approximately two weeks after it had been stolen. The pawn shop clerk recorded Defendant's personal information together with a description of the iPod and its serial number into a database as required by law. The clerk also created a pawn slip with the same information which Defendant signed and marked with his fingerprint. After the victim reported the iPod stolen, the police used the pawnshop information to identify Defendant as the seller of the iPod. Two fingerprint experts from the police forensic unit agreed that the

fingerprint on the pawnshop slip matched Defendant's fingerprint.

¶ 3 The State charged Defendant with one count of theft by receiving stolen property, *see* Utah Code Ann. § 76–6–408 (LexisNexis Supp.2009), and one count of theft by deception, *see id.* § 76–6–405 (2008). At the conclusion of Defendant's trial, the State argued to the jury that the evidence demonstrated that the iPod had been stolen and that Defendant possessed it and had pawned the item shortly after the theft took place. The State also told the trial judge, outside the presence of the jury, that the State could not "prove that he actually stole it" but "only ha[d] evidence to show that [Defendant] ... possessed" the iPod in the "moments" before Defendant pawned it. Accordingly, to connect Defendant to the theft, the State relied on the presumption of law outlined in jury instruction 33 (Instruction 33). Instruction 33 provides,

> The law presumes that possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property. While the law regards the facts giving rise to the presumption as evidence of the presumed fact, the presumed fact must on all evidence be proved beyond a reasonable doubt.

Defendant objected to Instruction 33, but the trial court overruled the objection. The jury convicted Defendant on both counts, and the court sentenced him to probation. Defendant timely appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Defendant challenges his convictions on two grounds. First, Defendant argues that Instruction 33 unconstitutionally shifted the burden of proof from the State to Defendant by instructing the jury to presume that Defendant stole the iPod once the State proved that he possessed it unless Defendant offered a satisfactory explanation for his possession. "[T]he propriety of a jury instruction presents a question of law which we review for correctness." *State v. Tucker,* 2004 UT App 217, ¶ 4, 96 P.3d 368 (alteration in original) (citation and internal quotation

marks omitted). Second, Defendant argues that Instruction 33 confused and misled the jury by instructing the jury to presume that Defendant stole the iPod, even though the State did not charge Defendant with the actual theft of the iPod. Because we reverse his convictions based on his claim that Instruction 33 unconstitutionally shifted the burden of proof to him, we need not address Defendant's second claim. *See Carter v. State,* 2012 UT 69, ¶ 16 n. 7, 289 P.3d 542.

## ANALYSIS

### I.  Defendant's Claim Is Preserved.

¶ 5 Initially, the State argues that Defendant failed to preserve his claim that Instruction 33 impermissibly shifted the burden of proof to him. "As a general rule, in order to preserve an issue for appeal[,] the issue must be presented to the [trial] court in such a way that the [trial] court has an opportunity to rule on that issue." *State v. Moa,* 2012 UT 28, ¶ 23, 282 P.3d 985 (first alteration in original) (citation and internal quotation marks omitted). Before the close of trial, Defendant's trial counsel objected to Instruction 33 on several grounds. First, defense counsel argued that Instruction 33 was inapplicable to this case because the presumption outlined in the instruction referred only to the crime of theft and not to the crimes of theft by receiving stolen property and theft by deception. Next, defense counsel argued that Instruction 33's presumption violated his right to remain silent "and his right not to give evidence against himself" because Instruction 33 put "him in a position where he either ha[d] to testify and give a satisfactor[y] explanation, or ... not testify and have this legal presumption against him." After hearing the State's response, the court overruled defense counsel's objections.

¶ 6 Although defense counsel did not use the words "burden of proof" or "burden-shifting" in raising an objection to Instruction 33, she clearly objected to the burden-shifting effect of Instruction 33: that if Defendant did not provide a "satisfactor[y] explanation," he would "have this legal presumption against him." It is therefore evi-

dent from the record that defense counsel sufficiently raised this issue to a level of consciousness that allowed the trial court to consider it. *See Hill v. Superior Prop. Mgmt. Servs., Inc.*, 2013 UT 60, ¶ 57, 321 P.3d 1054, 2013 WL 5587843 ("An issue may be raised directly or indirectly, so long as it is raised to a level of consciousness such that the trial judge can consider it." (citation and internal quotation marks omitted)); *see also Pratt v. Nelson*, 2007 UT 41, ¶ 24, 164 P.3d 366 (concluding that an issue was preserved because the trial court "was aware" of the issue and specifically resolved it in a "deliberate manner," even though the trial "court did not have the benefit of the [appellants'] argument"); *Arbogast ex rel. Arbogast Family Trust v. River Crossings, LLC*, 2008 UT App 277, ¶ 11, 191 P.3d 39 (determining that an issue was preserved because "the trial court specifically considered [the] issue," even where the appellant's "trial counsel did very little to raise the ... issue before the trial court"), *aff'd*, 2010 UT 40, 238 P.3d 1035. It is further evident that the trial court did consider and rule on the burden-shifting issue. Specifically referring to the presumption provided in Instruction 33, the court explained that it had added language to the jury instructions indicating that the presumed fact must on "all evidence be proved beyond a reasonable doubt" by the State. The court then determined that, with the added language, "it's still the burden of the State" to prove Defendant's guilt and ruled, "Based on the instruction in its entirety I find that it meets constitutional muster...." Accordingly, we conclude that Defendant adequately preserved the issue for our review.

## II. Submission of Instruction 33 to the Jury Was Error and Prejudiced Defendant.

### A. Instruction 33

■ ¶ 7 The United States Supreme Court has held that "[t]he Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Francis v. Franklin*, 471 U.S.

307, 313, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (citation and internal quotation marks omitted); *accord State v. Austin*, 2007 UT 55, ¶ 6, 165 P.3d 1191 ("The government must prove every element of a charged offense beyond a reasonable doubt."). "This bedrock, axiomatic and elementary [constitutional] principle prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis*, 471 U.S. at 313, 105 S.Ct. 1965 (alteration in original) (citation omitted).

■ ¶ 8 "In determining whether a jury instruction relieves the State of this burden, '[t]he threshold inquiry' requires that we 'determine the nature of the presumption it describes.'" *State v. Kelson*, 2012 UT App 217, ¶ 16, 284 P.3d 695 (alteration in original) (quoting *Francis*, 471 U.S. at 313–14, 105 S.Ct. 1965), *cert. granted*, 298 P.3d 69 (Utah 2013). The reviewing court must decide whether the jury instruction imposes a mandatory presumption or merely allows for the jury to draw a permissive inference. *Id.* "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." *Francis*, 471 U.S. at 314, 105 S.Ct. 1965. Mandatory presumptions violate due process when "they relieve the State of the burden of persuasion on an element of an offense." *Id.* By contrast, a "permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." *Id.* Because the State is still required "to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved," permissive inferences do not violate the Due Process Clause. *Id.*

■ ¶ 9 Our case law reveals that this "threshold inquiry" has already been completed relative to the specific language in the first sentence of Instruction 33 that sets out the presumption. The first sentence of Instruction 33 reads, "The law presumes that possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evi-

dence that the person in possession stole the property." This language is quoted directly from Utah Code section 76–6–402, which states, "Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property." Utah Code Ann. § 76–6–402(1) (LexisNexis 2008). Our courts have held that this language creates an impermissible mandatory presumption. *See State v. Smith,* 726 P.2d 1232, 1234–36 (Utah 1986); *State v. Chambers,* 709 P.2d 321, 325–28 (Utah 1985); *State v. Carlson,* 934 P.2d 657, 659–60 (Utah Ct.App.1997); *State v. Perez,* 924 P.2d 1, 4–5 (Utah Ct.App.1996).

¶ 10 In *State v. Chambers,* 709 P.2d 321 (Utah 1985), the Utah Supreme Court held that a jury instruction stating that "[p]ossession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property" created an impermissible mandatory presumption. *Id.* at 324, 326. The court explained,

[A] jury instruction using the language of [Utah Code section] 76–6–402(1) is unconstitutional because it directly relates to the issue of guilt and relieves the State of its burden of proof.... *Thus, the statutory language should not be used in any form in instructing juries in criminal cases,* and we expressly disavow the language and holdings of our earlier cases to the contrary.

*Id.* at 327 (emphasis added). The supreme court also expressed concern over inclusion of the phrase "prima facie." The term "prima facie," as it is used in section 76–6–402(1), refers to the standard by which the trial court—not the jury—determines whether the evidence presented warrants submission to the jury. *Id.* The court noted that in "criminal cases ... where the burden remains on the State throughout the case, the jury should not be involved in such considerations." *Id.*

¶ 11 In the years since *Chambers,* Utah courts have upheld instructions similar to Instruction 33 only when language is added that clarifies that the instruction allows for a permissive inference and does not create a mandatory presumption. For instance, in *State v. Smith,* 726 P.2d 1232 (Utah 1986), the relevant jury instruction read,

Utah Law provides that:

Possession of property recently stolen when no satisfactory explanation of such possession is made, shall be prima facie evidence that the person in possession stole the property.

Thus, if you find from the evidence and beyond a reasonable doubt, that the defendant was in possession of stolen property, that such possession was not too remote in point of time from the theft, and the defendant made no satisfactory explanation of such possession, then *you may infer* from those facts that the defendant committed the theft.

*You may use the same inference,* if you find it justified by the evidence, to connect the possessor of recently stolen property with the offense of burglary.

*Id.* at 1234 (emphases added) (internal quotation marks omitted). The *Smith* court held that "the instruction [could not] be deemed reversible error ... in light of the clear explanatory instructions that all that the jury could make of the term 'prima facie' was a *permissible inference.*" *Id.* at 1236 (emphasis added). However, the court also "emphatically declare[d]" that the holding in *Chambers* was still good law, *id.* at 1235, and that the "trial court should not have used the statutory language [of section 76–6–402(1) ] in the instruction for the reasons stated in *Chambers,*" *id.* at 1235–36. Nevertheless, the court upheld the jury instruction because the instruction explained that the jury was allowed to draw only a permissive inference, as opposed to a mandatory presumption. *Id.* at 1234–35.

¶ 12 Similarly, in *State v. Perez,* 924 P.2d 1 (Utah Ct.App.1996), the relevant jury instruction read,

Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which *you may reasonably draw the inference and find, in light of the surrounding circumstances shown by the evidence in the case,* that the person

in possession of the stolen property stole the property and knew that it was stolen.

Thus, if you find from the evidence and beyond a reasonable doubt (1) that the defendant was in possession of property, (2) that the property was stolen, (3) that such possession was not too remote in point of time from the theft, and (4) that no satisfactory explanation appears from the evidence, then *you may infer from these facts* and find that the defendant stole the property and knew the property was stolen.

*Id.* at 5 (internal quotation marks omitted). We explained that in *Perez,* similar to the instruction in *Smith,* the instruction contained language that provided only for a permissive inference. *Id.* Indeed, we observed that the language of the instruction "eliminat[ed] the confusing term prima facie and, in fact, emphasize[d] the discretion allowed the fact finder." *Id.* Accordingly, we ruled that the instruction did not improperly shift the burden of proof to the defendant. *Id.* Likewise, the relevant jury instruction provided in *State v. Carlson,* 934 P.2d 657 (Utah Ct.App.1997), copied essentially verbatim the instruction presented to the jury in Perez. *Id.* at 659–60. Accordingly, this also court upheld the *Carlson* instruction. *Id.* at 660.

¶ 13 Here, because Instruction 33 contains no language clarifying that the jury is allowed to make a permissive inference, and because the instruction contains the confusing words "prima facie" with no supporting explanation, we conclude that the first sentence of the instruction creates an unconstitutional mandatory presumption in violation of Defendant's due process rights. However, we cannot evaluate the first sentence of Instruction 33 in isolation. We must now consider the remainder of the instruction, as well as "consider a reasonable jury's understanding in the context of the jury instructions and the record as a whole." *State v. Kelson,* 2012 UT App 217, ¶ 21, 284 P.3d 695, *cert. granted,* 298 P.3d 69 (Utah 2013); *see also State v. Johnson,* 774 P.2d 1141, 1146 (Utah 1989) ("[J]ury instructions are to be considered as a whole....."). " 'Other instructions [and the record] might explain the particular infirm language to the extent that a reasonable jur[y] could not have considered the charge to have created an unconstitutional presumption.' " *Kelson,* 2012 UT App 217, ¶ 22, 284 P.3d 695 (alterations in original) (quoting *Francis v. Franklin,* 471 U.S. 307, 315, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)).

¶ 14 The State argues that even if the first sentence of Instruction 33 creates an impermissible mandatory presumption, that flaw is cured by the second sentence of the instruction which reads, "While the law regards the facts giving rise to the presumption as evidence of the presumed fact, the presumed fact must on all evidence be proved beyond a reasonable doubt." The State contends that this sentence "clarifies that the jury, in finding the facts, cannot rely on the legal presumption alone. Rather, the jury must consider 'all evidence' in determining whether the presumed fact—that the person in possession stole the property—was proved ... beyond a reasonable doubt." While it is possible that the jury understood the second sentence of Instruction 33 in a manner consistent with the State's explanation, the jury could just as well have interpreted this second sentence to mean "that the presumption was a means by which proof beyond a reasonable doubt" could be satisfied. *See Francis,* 471 U.S. at 319, 105 S.Ct. 1965 (citation and internal quotation marks omitted). This is problematic because unlike the jury instructions in *Smith, Perez,* and *Carlson,* the second sentence of Instruction 33 fails to instruct the jury that the presumption was not mandatory and within the jury's discretion to apply. For instance, the second sentence does not provide any language instructing the jury that it "may infer" or "may reasonably draw the inference" that Defendant committed the crimes charged from the predicate facts. Nor does the second sentence of Instruction 33 instruct the jury that it maintained "discretion" about whether to find that Defendant stole the iPod once the State proved that he possessed it—a consideration that factored heavily in this court's approval of the instruction used in *Perez.* Finally, the second sentence of Instruction 33 fails to provide proper context for the term "prima facie," an omission that was of partic-

ular concern to the supreme court in *Chambers.*

¶ 15 The State also argues that Instructions 34 and 38 help cure Instruction 33's defect. However, Instructions 34 and 38 are generalized instructions explaining that all of the elements of theft by receiving stolen property and theft by deception must be proven by the State beyond a reasonable doubt. Like the second sentence of Instruction 33, these instructions do "not suffice to absolve the infirmity" present in Instruction 33, *see Francis,* 471 U.S. at 322, 105 S.Ct. 1965, because they are "generalized instructions [that] do not clarify the mandatory rebuttable presumption contained in" Instruction 33, *see Kelson,* 2012 UT App 217, ¶ 23, 284 P.3d 695; *see also Francis,* 471 U.S. at 319, 105 S.Ct. 1965. Furthermore, even where a separate instruction directly contradicts a mandatory presumption by restating the presumption in permissive form, this is not sufficient to cure the faulty instruction because this court has " 'no way of knowing which of the ... irreconcilable instructions the jurors applied in reaching their verdict.' " *Kelson,* 2012 UT App 217, ¶ 22, 284 P.3d 695 (quoting *Francis,* 471 U.S. at 322, 105 S.Ct. 1965); *see also State v. Tarafa,* 720 P.2d 1368, 1371–72 (Utah 1986) (concluding that despite the existence of a separate instruction to the jury that a presumption that the defendant knew property was stolen was "permissive in nature," that instruction merely contradicted a prior instruction that created an impermissible mandatory presumption, resulting in a situation where a "reasonable juror could have been left in a quandary as to whether to follow the so-called explanatory instruction or the immediately preceding one it contradicted"). Thus, any saving language clarifying that Instruction 33's presumption was within the jury's discretion should have been included within that instruction. Instruction 33 contains no such language.

¶ 16 Finally, nothing from the record indicates that the trial court orally cured the defect in Instruction 33. The court merely reiterated the elements of the crimes charged and the general burdens of proof. Accordingly, we hold that submission of In-

struction 33 to the jury was error. We now turn to the question of whether this error prejudiced Defendant.

**B. Prejudice**

¶ 17 Generally, an error in jury instructions that was properly preserved at the trial level "is reversible only if a review of the record persuades the court that without the error there was a reasonable likelihood of a more favorable result for the defendant." *State v. Fontana,* 680 P.2d 1042, 1048 (Utah 1984) (citation and internal quotation marks omitted); *see also* Utah R.Crim. P. 30(a) ("Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded."); *State v. Hamilton,* 827 P.2d 232, 240 (Utah 1992). However, "[w]here the error results in the deprivation of a constitutional right, we apply a higher standard of scrutiny, reversing the conviction unless we find the error harmless beyond a reasonable doubt." *State v. Calliham,* 2002 UT 86, ¶ 45, 55 P.3d 573; *accord Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When considering whether an error was harmless beyond a reasonable doubt, we consider, among other factors, "the overall strength of the State's case." *See Hamilton,* 827 P.2d at 240. "The more evidence supporting the verdict, the less likely there was harmful error." *Id.*

¶ 18 The gravamen of both offenses charged by the State is that Defendant knew or at least reasonably believed that the iPod had been stolen when he pawned it. The crime of theft by receiving stolen property requires the person receiving the property to "*know*[ ] that it has been stolen, or *believ*[e] that it probably has been stolen." Utah Code Ann. § 76–6–408(1) (LexisNexis Supp. 2009) (emphases added). The crime of theft by deception requires that a person "obtain[ ] or exercise[ ] control over property of another person ... by deception." *Id.* § 76–6–405(1) (2008). And deception occurs only when a person "*intentionally* " deceives another during a transaction. *See id.* § 76–6–401(5) (emphasis added). The State told the trial judge that it "only ha[d] evidence to show that [Defendant] ... possessed [the

iPod] in the moments" before Defendant pawned it. Although the State presented substantial evidence identifying Defendant as the person who pawned the iPod, the State essentially conceded that because it had presented no evidence directly linking Defendant to the iPod's theft—and by extension no evidence that Defendant knew or believed that the iPod had been stolen—convictions for each offense were necessarily predicated exclusively on proof of Defendant's possession and selling of the iPod at the pawnshop. In other words, the State based its case almost entirely on the jury's application of the presumption contained in Instruction 33. Indeed, during its closing argument the State told the jury,

> The law presumes that possession of . . . property recently stolen when no satisfactory explanation of such possession is made shall be deemed prima facie evidence that the person in possession stole the property.
>
> This is a presumption set up by the law. . . . We do have evidence that this property was recently stolen before it was pawned. Then we have evidence—it was basically less than two weeks that property had been reported stolen and that it was pawned at the pawn shop, or approximately two weeks. . . .
>
> So that presumption applies to this case when you're trying to determine whether or not that [Defendant] had the property and he had it unlawfully without permission of anyone, that he wasn't supposed to have that property.

¶ 19 The State argues that because the evidence at trial overwhelmingly proved that Defendant was the one who possessed and pawned the stolen iPod, no prejudice resulted from the erroneous instruction. But as we discussed above, convictions for the offenses charged required the State to not only prove that Defendant pawned the iPod, but that he also knew or at least believed that it had been stolen. To establish these elements, the State relied on the impermissible mandatory presumption in Instruction 33. The jury was not instructed that it had the discretion to apply the presumption contained in Instruction 33, and the court did

not cure this error. Because the State necessarily relied on the jury's application of the presumption to reach a conviction for each offense, we are not persuaded that the error was harmless beyond a reasonable doubt.

### CONCLUSION

¶ 20 Instruction 33 contained an impermissible mandatory presumption that violated Defendant's due process rights by shifting the burden of proof of an element of the charged offenses to him. Neither the second sentence in Instruction 33 nor any other written jury instruction or statement by the trial court served to correct this flaw. The State has not established beyond a reasonable doubt that submission of the flawed instructions to the jury was harmless. Accordingly, we reverse and remand for a new trial in which the jury is properly instructed.